OPINION OF THE COURT
Peter R. Sprague, S.
issue
In this proceeding the court is asked to determine which of an infant decedent’s natural parents shall receive limited letters of administration to prosecute a wrongful death claim.
FACTS
On September 29, 1985 in the Village of Bolivar, Timothy E. McGavisk, then 11 years old, was fatally injured in an automobile-pedestrian accident.
The infant’s natural father, John Ross McGavisk, and natural mother, Patricia M. Smith, who had been divorced from each other prior to the infant’s death, have each filed a petition for limited letters of administration.
The father contends that limited letters should issue to him, rather than to the mother, because the father had been the custodial parent at the time of Timothy’s demise.
*502 On the other hand, the mother contends that limited letters should issue exclusively to her, on the alleged grounds that the infant’s estate may have a claim against the father as a result of the accident.
The parents concur in their allegations that the infant’s estate has a claim against the owner and driver of the vehicle which struck Timothy. According to the police accident report prepared by the Village of Bolivar Police Department, the owner and driver were Thomas S. Fronczak and Cathy A. Van Horn, respectively.
In addition, the mother alleges possible contributory culpability on the part of the father in the manner in which he had parked his car on the street, prior to the accident, which may have hampered Cathy A. Van Horn’s vision.
DECISION
The objective of each of the parents in applying for limited letters is to be able to institute a wrongful death action pursuant to EPTL 5-4.1 (1).
A threshold question to be considered is, who are the distributees of Timothy E. McGavisk, for purposes of a wrongful death action?
EPTL 4-1.1 (a) (3) identifies the distributees of the infant as his surviving natural parents. Accordingly, there are no distributees other than the two applicants for limited letters, the parties herein.
Having identified the distributees, the court must next determine whether there is a statutory priority granted to either of the natural parents.
SCPA 1001 (1) (d) implicitly provides that the father and mother are of equal eligibility for letters as long as each is otherwise "qualified]”.
SCPA 1001 (1) explicitly provides that "where there are eligible distributees equally entitled to administer the court may grant letters of administration to one or more of such persons.”
The court notes that in this proceeding neither parent has alleged that the other is "ineligible” to receive letters by virtue of one of the subdivisions of SCPA 707 (1).
The court finds no statutory preference in favor of a custodial parent over a noncustodial parent. Therefore, absent the allegation that one parent may have been a joint tort-feasor *503 with the third parties, the parents in the instant proceeding appear to be on an equal footing.
On inquiry of counsel the court determined that issuance of joint letters to both the mother and the father is not practical in this case.
Consequently, the critical question becomes, does the allegation of culpability on the part of one parent suffice to bolster the application of the other parent for limited letters?
Without ruling on the merits of the claim that John Ross McGavisk may have been negligent, the court concludes that the assertion of the claim is enough to tip the scales in favor of the application of Patricia M. Smith. Keeping in mind the fiduciary role of an administrator, whether "full” or "limited”, the court reasons that it should, when possible, insulate the estate from any actual or potential conflicting interests on the part of an administrator.
If a cause of action by the estate against John Ross McGavisk does appear warranted and viable, that cause of action would better be prosecuted by a disinterested administrator than by an alleged tort-feasor himself. The bare appearance of impropriety in and of itself is another factor militating against the father’s petition.
By denying the petition of John Ross McGavisk, the court is not, in any degree, interfering with his substantive or procedural rights under EPTL, article 5, part 4. For example, any application by the mother to compromise a wrongful death claim would require judicial approval (EPTL 5-4.6 [a]), and input from the father.
Similarly, the distribution of the proceeds of a wrongful death claim, pursuant to EPTL 5-4.4, would not be affected by the court’s decision to grant letters to the mother but not the father.
The father, of course, would also be entitled to the continuing protection afforded by SCPA 711, under the authority of which the court may suspend, revoke or modify letters for demonstrated misconduct, if any, by an administrator.
CONCLUSIONS OF LAW
Based upon the foregoing, it is the determination of the court that the petition of Patricia M. Smith should be granted, and that the petition of John Ross McGavisk should be denied. *504 Pursuant to SCPA 702, the requirement of a bond should be dispensed with.